IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHAN P. M., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-180-L-BN |
| | § | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, | § § | |
| | § | |
| Respondent. | § § | |

**ORDER DENYING WITHOUT PREJUDICE
MOTION TO APPOINT COUNSEL**

Petitioner, detained at Prairieland Detention Center in this district at the time of filing, filed a *pro se* 28 U.S.C. § 2241 habeas petition challenging his detention. *See* Dkt. Nos. 3, 4. United States District Judge Sam A. Lindsay referred this habeas case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Petitioner moves the Court to appoint him counsel. *See* Dkt. No. 6.

The Section 2241 petition relates to a removal proceeding, and "removal proceedings are 'civil, not criminal in nature.'" *Gonzalez-Reyes v. Holder*, 313 F. App'x 690, 696 (5th Cir. 2009) (quoting *Sewani v. Gonzales*, 162 F. App'x 285, 288 (5th Cir. 2006) (per curiam)). As such, "an alien has no Sixth Amendment right to effective counsel during removal proceedings." *Rodriguez-Salazar v. Sessions*, 691 F. App'x 173, 174 (5th Cir. 2017) (per curiam) (quoting *Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006)). But, under the Criminal Justice Act (the "CJA"), as implemented by the

Court's CJA Plan, *see* MISC. ORDER NO. 3 (N.D. Tex. Dec. 20, 2018), "a [financially-eligible habeas] petitioner should be appointed counsel when 'the interests of justice so require,'" *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (concerning federal postconviction proceedings; quoting 18 U.S.C. § 3006A(a)(2)(B)); *see also* MISC. ORDER NO. 3, ¶ IV(A)(2)(b).

> The exercise of discretion in this area is guided ... by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant legal issues, and if the appointment of counsel will benefit the petitioner and the court in addressing this claim.

*Jackson v. Coleman*, No. 3:11-cv-1837, 2012 WL 4504485, at *4 (M.D. Pa. Oct. 2, 2012) (citing *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991)).[1]

Under Section 3006A(a)(2)(B), the interests of justice do not currently require that the Court appoint counsel for Petitioner. His motion [Dkt. No. 6] is therefore DENIED WITHOUT PREJUDICE. In the future, however, the Court could appoint counsel for him if there is a clearer showing that he is financially eligible and that he may be eligible for relief, that the Court would benefit from briefing filed by counsel

---

[1] *See also Scoggins v. MacEachern*, Civ. A. No. 04-10814-PBS, 2010 WL 3169416, at *1 (D. Mass. Aug. 10, 2010) ("In order to obtain appointed counsel, 'an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel.' The rare cases warranting appointment of counsel in the interests of justice typically involve nonfrivolous claims with factually and/or legally complex issues and a petitioner who is severely hampered in his ability to investigate the facts." (quoting *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986); citations omitted)); *Lyle v. United States*, Civ. A. No. JFM-09-727 & Crim. No. JFM-02-395, 2009 WL 901523, at *1 (D. Md. Mar. 31, 2009) (the decision to appoint counsel under "§ 3006A(a)(2)(B) ... is similar to the standard applied in deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1), wherein the determination to appoint counsel hinges on the characteristics of the claim and the litigant" (citation omitted)).

on his behalf, or that a hearing is required.

    SO ORDERED.

    DATED: January 28, 2026

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE